**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan A. COTTO, Defendant–Appellant.**

**No. 03–1351.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 22, 2003.

Decided Dec. 22, 2003.

Debra Riggs Bonamici, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Juan A. Cotto, pro se, Coleman, FL, for Defendant–Appellant.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Juan Cotto pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Cotto to 157 months' imprisonment, five years' supervised release, a $5,000 fine, and a $100 special assessment. Cotto filed a timely notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he deems the appeal frivolous. We notified Cotto of his counsel's motion, *see* Cir. R. 51(b), but he has failed to respond. We therefore confine our review to the potential issues counsel identifies in his facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). We agree that all identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

Counsel considers six possible issues for appeal, the first four of which Cotto's trial counsel raised in his objections to the presentence report. The first issue is whether the presentence report correctly calculated the quantity of drugs attributable to Cotto as relevant conduct. However, both Cotto and his trial counsel expressly waived the objection at sentencing in return for a downward departure motion from the government. Thus, we agree with counsel that it would be frivolous to raise this argument on appeal. *United States v. Cooper*, 243 F.3d 411, 415 (7th Cir.2001) (when a party expressly waives an issue, "appellate review of the issue is extinguished.").

The second issue counsel considers is whether the district court correctly assessed criminal history points for three of Cotto's prior convictions. In his objections to the presentence report, Cotto argued that three of his prior offenses, an escape conviction and two possession with intent to deliver convictions, took place more than 15 years before the instant offense

and therefore should not be counted in determining his criminal history. However, Cotto's counsel erred in calculating the time period between convictions. He believed that the period began on the date Cotto was arrested, but the 15–year period actually began on the day Cotto was sentenced on his felony convictions. U.S.S.G. § 4A1.2(e)(1); *United States v. Souffront*, 338 F.3d 809, 833 (7th Cir.2003). Cotto was sentenced for the three prior convictions in 1986, and he commenced the instant offense in 1999. The convictions thus fall within the 15–year period and count as prior criminal history. U.S.S.G. § 4A1.2(e)(1). When the district court informed Cotto's counsel of his error, he withdrew the objection. Therefore, any appeal on this issue would be frivolous.

█ The third issue counsel considers is whether the district court should not have applied career criminal offender status to Cotto because his prior narcotics convictions are all part of the same common scheme or plan. In his objection to the presentence report, Cotto never explained how his five prior convictions for narcotics trafficking are part of the same common scheme or plan. Although three of the convictions were consolidated for sentencing, each conviction arose from a separate arrest and therefore they are not related for purposes of the career criminal provisions. U.S.S.G. § 4A1.2, App. Note 3; *United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir.2000). Even if these three convictions were part of the same common scheme or plan, Cotto still has three unrelated prior narcotics convictions, one more than is required for career criminal status. U.S.S.G. § 4B1.1(a). Therefore, any appeal on this issue would be frivolous.

█ The final issue raised in Cotto's objections to the presentence report is whether the use of Cotto's prior convictions to enhance his sentence was a double enhancement of penalties. Cotto never explained the basis for this objection, but the claim would be frivolous in any case. The application of career offender status is not impermissible double counting, *United States v. Hernandez*, 79 F.3d 584, 591 (7th Cir.1996) (citing cases), and the use of a prior conviction to enhance a sentence does not violate the Double Jeopardy Clause, *Monge v. Cal.*, 524 U.S. 721, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

The final two issues that counsel considers are drawn from Cotto's verbal objections at sentencing. First, Cotto was upset with his sentence of 157 months even though it was a significant downward departure from his guideline range of 262 to 327 months. After hearing the sentence, Cotto stated that his trial attorney and the prosecutor promised him that he was going to get less than eight years if he pleaded guilty. Counsel on appeal characterizes this objection as a request for a greater downward departure than that granted by the court. We would have no jurisdiction to review the extent of the departure. *United States v. Sanchez–Estrada*, 62 F.3d 981, 989 (7th Cir.1995). However, in objecting to the sentence imposed because he pleaded guilty based on a promise of a different sentence, Cotto actually appears to contest the voluntariness of his guilty plea. We do not reach the issue because counsel represents that Cotto does not wish to withdraw his plea. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Finally, counsel considers Cotto's objection at sentencing to the $5,000 fine. The court departed significantly from the $17,500 to $4,000,000 fine recommended by the presentence report under U.S.S.G. § 5E1.2(c)(3),(4), and instead imposed a $5,000 fine to be withdrawn from Cotto's prison wages. Although the Sentencing Guidelines prohibit a trial court from im-

posing a fine on a defendant who establishes that he is unable to pay the fine, U.S.S.G. § 5E1.2(a), a trial court may impose a fine to be satisfied from an inmate's prison wages. *Sanchez–Estrada,* 62 F.3d at 989. Accordingly, any appeal on this issue would be frivolous.

For these reasons, we GRANT counsel's motion to withdraw, and DISMISS the appeal.